UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMONA BRANT,  :<br>    Plaintiff,  : | |
| :   | PRISONER |
| v.  :   | CASE NO. 3:12-cv-1355 (VLB) |
| :   | |
| UNITED STATES OF AMERICA, et al., :<br>    Defendants.  : | |

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at FCI Danbury, files this complaint pro se asserting claims of medical malpractice pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The named defendants are the United States of America, Ms. Hurtel, Mr. Daley, PA Villa, Dr. Sanders, Dr. Ira Galin and the Danbury Clinic Director.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations,

1

and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that she suffered a heart attack as a result of the negligent medical care provided at the correctional facility.

Under the FTCA, the United States has waived sovereign immunity for claims seeking money damages for injuries caused by a federal official while acting within the scope of his employment if a private person committing the same act would be liable under the law of the state where the incident occurred. See 28 U.S.C. § 1346(b). FTCA claims are not cognizable against individual federal officials. See Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("the FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment"). The proper defendant in an FTCA claim is the United States. As the plaintiff clearly identifies

this case as brought pursuant to the FTCA, the claims against the individual defendants are dismissed pursuant to 28 U.S.C. § 1915A.

The FTCA waives sovereign immunity and permits a lawsuit to proceed against the United States under circumstances where a private person would be liable under state law.  In analyzing an FTCA claim, the court applies the substantive law of the state where the incident occurred.  See id.

The plaintiff is asserting a medical malpractice claim.  State law requires that before filing a medical malpractice claim, a reasonable inquiry be conducted and a certificate of good faith accompanied by an opinion letter that medical negligence has occurred must be filed with the complaint.  The failure to file the opinion letter is grounds for dismissal of the action.  Conn. Gen. Stat. § 52-190a (a) & (c).  The plaintiff has not filed a good faith certificate with her complaint.  Thus, if this requirement is substantive, the complaint must be dismissed.

The Second Circuit has not yet determined whether the requirement of a certificate of good faith in a medical malpractice action is substantive law or a procedural requirement.  Other courts addressing the issue, however, have held that similar state laws are considered substantive requirements under the FTCA. See Bramson v. Sulayman, 251 F. App'x 84, 87 n.2 (3d Cir. 2007) (holding affidavit of merit requirement in New Jersey malpractice cases applies in federal court); Cestnik v. Federal Bureau of Prisons, 84 F. App'x 51, 53-54 (10th Cir. 2003) (holding Colorado's requirement of certificate of merit is substantive requirement applicable under FTCA); Mathison v. United States, 44 F. App'x 27, 29 (8th Cir. 2002) (applying similar Minnesota statute in FTCA claim); Williams v. United

States, 754 F. Supp. 2d 942, 952 (W.D. Tenn. 2010) (listing district courts that have held that malpractice certification statutes are substantive and apply in FTCA cases). This court agrees with the other courts addressing this issue that the good faith certificate requirement is substantive and applies in FTCA cases. Although the plaintiff is proceeding pro se and is entitled to have her complaint liberally construed, she is not excused from complying with procedural and substantive requirements. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

As the plaintiff has not provided the required certificate, the complaint is dismissed without prejudice. The plaintiff may file a motion to reopen the case as to the claim against the United States if she can provide a good faith certificate supported by a medical opinion of negligence.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A.

(2) The Clerk is directed to enter judgment and close this case.

SO ORDERED this 14 January 2013, at Hartford, Connecticut.

Vanessa L. Bryant
United States District Judge